# 983

## In re BORDEN.
### Patent Appeal No. 3239.

Court of Customs and Patent Appeals.
March 5, 1934.

William G. McKnight, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision by an Examiner rejecting, in view of the prior art, five claims (Nos. 55, 58, 62, 63, and 64) of an application for patent relating to electrical connecting devices for electrical conductors, or ground wires. Five claims of the application were allowed by the Examiner and are not in issue.

Claim No. 58 is alleged by appellant to be generic, and claim No. 64 is described by him as being the broadest of the claims. These are quoted:

"58. An electrical connector for connecting together a water pipe and an electrical conduit, which includes a first rigid member formed with an annular opening to receive the conduit; a second rigid member, non-integral with the first member and seating against the water pipe; and a third member which in conjunction with the second member and tightening means forms a clamp for the water pipe; and means cooperating with the third member for tightening the second member rigidly against the pipe and also against the first member in adjustable angular relation to said first member."

"64. An electrical ground connector for connecting together a water pipe and an electrical conduit, said connector including two rigid sections for connection respectively to the water pipe at any point along the same and to the conduit, said sections having lapping portions, and means for detachably clamping one section in engagement with the water pipe at any point along the same and for clamping the lapping portions of the sections together."

A single reference is cited, the same being patent No. 1,719,915 issued July 9, 1929, to W. H. Vibber.

The brief filed in behalf of appellant explains that the usual installation in buildings, such as dwellings, of electrical systems for lighting and other electrical purposes, embraces the carrying of the wires into the cellar to a main switch box placed on the cellar wall and grounded to the water pipe, and claims that appellant has solved, in a new manner, certain problems relating to convenience and other features in making requisite and satisfactory connections for grounding the wire upon the pipe.

Appellant's structure may be divided into two general sub-assemblies. The first consists of (1) the wire, which it is desired to ground, carried through (2) a conduit, screwed into (3) a rigid member, to which member the wire is connected by (4) a soldering lug and (5) a screw. The second sub-assembly consists of another rigid member seated against the water pipe and held thereto by a strap surrounding the pipe, through which strap there is a hole for receiving a stud bolt. The stud bolt is equipped with a washer and nut by means of which the rigid member is drawn and held rigidly against the pipe. The third member alluded to in claim 58 appears to be a second nut upon the stud bolt in the second sub-assembly by means of which second stub bolt the two sub-assemblies are brought into and held in rigid relationship with each other.

The reference discloses an arrangement whereby a wire and its projecting conduit is grounded upon a pipe. The conduit carrying the wire is screwed into a threaded socket in a bracket. A strap or clasp encircles the pipe, being held in place with a screw, which

screw passes through the bracket and is thus electrically connected to the strap and to the pipe. The wire is electrically connected to the pipe by passing the end of it through holes in the clasp, which clasp holds the wire against the pipe.

It is said in the brief of the Solicitor for the Patent Office that the rejected claims "do not read literally upon the reference (except possibly claim 64 if Vibber's pipe strap be deemed rigid)."

Appellant claims that Vibber discloses no rigid part, or at most but one, whereas his (appellant's) claims call for two.

The Board of Appeals said: "While the Vibber patent shows no rigid element corresponding to the element R, B, of applicant's device, we agree with the Examiner that it would not amount to invention either to make that portion of the strap which overlies the threaded rigid member also rigid or to reinforce that end by the use of a second rigid member. As to the point at which the wire terminal is connected, we regard this a matter of choice. There are many obvious ways of connecting this terminal to one or the other elements of the grounding device, none of which would involve invention."

In the final analysis, appellant's contentions as to novelty over the reference may be resolved into two elements: First, the features of rigidness; and, second, the connection of the wire to one rigid part. The brief says: "The rejected claims * * * define a rigid two-part connecting device, one part adapted for *rigid* connection to the protective pipe and the other part adapted for *rigid* connection to the water pipe, together with means for clamping these two parts together in a plurality of positions, thus producing a *rigid* ground connection between the electrical system and the earth, irrespective of the angularity of the water pipe and the protective pipe." (Italics quoted.)

It is further claimed that "a two-part rigid fitting is broadly new with the applicant."

The sole contention of appellant with respect to the Vibber patent is that it is not an anticipation of the claims at issue.

We are of the opinion that the bracket of Vibber is clearly a rigid element in any proper understanding of the term "rigid." It is true that Vibber's patent, in referring to one form of his drawing disclosures, speaks of a bracket member "fashioned from a continuous strap of metal which has one extremity bent," and elsewhere in the specification reference is made to forms in which it is "only necessary * * * to bend or twist the strap hanger members. * * *"

It does not seem to us that, because a metal part may be twisted or bent as placed in position for use, it is for that reason nonrigid. Bent or twisted metal may be quite as rigid as metal that is straight.

Vibber specifically teaches the clamping of his bracket assembly "immovably" to the pipe "by means of the strap portion 15a, by the same adjustment of the screw 14 which secures the clasp 11 to the pipe."

So the question is whether invention over Vibber was involved in using two rigid assemblies and in connecting the wire to one rigid part. The features of connecting the two assemblies by a single means is in the allowed claims.

We have very carefully considered the arguments made on behalf of appellant pointing out the alleged advantages which result from his combination, but we are unable to see wherein there was involved the use of other than mechanical skill.

Appellant's brief suggests inconsistency in sustaining patentability of certain of the allowed claims while denying those at issue.

The Examiner explains that allowed claims 56 and 57 are "to the same general subject matter as the rejected claims but in each [allowed] claim there is the limitation to a single means for clamping the two portions together and the electrical conductor directly to the first member."

We are not here concerned with the allowed claims. It is presumed that they were allowed by reason of limitations contained in them which defined patentability over the prior art in a manner not defined in the claims rejected. In re Farrand, 49 F.(2d) 1035, 18 C. C. P. A. 1452; In re Horning, 56 F.(2d) 886, 19 C. C. P. A. 1102.

The decision of the Board of Appeals is affirmed.

Affirmed.